On Rehearing.
AYRES, Judge.
The facts and issues are stated in our original opinion. Appellants contend we erred (1), in not reforming their deed to conform to the description of the property allegedly intended to have been acquired by them and as was intended to have been sold by appellee to appellants’ predecessors in title; (2), in not dividing the costs between appellee and appellants, and, (3), in the alternative, in not permitting them to remain in possession of the property in dispute until they are reimbursed the value of the improvements placed thereon by them.
Appellee, in his brief, contends that he should be permitted to elect whether he will keep the aforesaid improvements and pay appellants for them or compel their removal.
First, directing our attention to appel-lee’s contention, it will be noted that the judgment of the district court condemned appellee to reimburse appellants the sum of $425 for the improvements placed by them upon said property. An election as contended for by appellee was not provided for in the judgment rendered. Appellée did not appeal.. That issue was not preserved in his answer to the appeal taken by appellants and it, therefore, cannot be raised in brief on a rehearing. It is neither timely nor properly raised here.
For a proper understanding of the aforesaid contentions made by appellants, a brief restatement of a few of the pertinent facts appears to be all that is necessary. The record discloses that plaintiff was the owner of the SE}4 of the SW)4, Section 19, Township 23 North, Range 10 West, Webster Parish, Louisiana. Pie sold various lots and parcels thereof to sundry persons, including appellants’ authors in title, as well as one M. A. Curtis. Curtis acquired a tract adjoining appellants’ property on the west. All the deeds had a common error due to a mistake in the location of the southwest corner of said governmental subdivision, which was designated in all of them as the starting point. After these deeds were executed and filed for record, a survey was made wherein it was determined that the southwest corner of the aforesaid SE}4 of the SW*4 was located 30 feet west of the point, wherein it was supposedly located at the time the deeds were executed. The lots and parcels were measured and staked out from a point referred to as constituting the southwest *898 corner of said 40, but which, in reality, was 30 feet east thereof. When these errors came to light, plaintiff offered to all the parties concerned correction deeds so that their deeds would correctly describe the particular lot measured and staked out for and possessed by each of them. Appellants refused this offer, insisting upon possession of a lot as described in the calls of their title. Accordingly, they took possession of the east 30 feet of property then possessed by Curtis and supposedly until that time owned by him. In compensation for this loss, Curtis moved his possession west an equal distance on property theretofore supposedly owned by plaintiff. Accordingly, a new boundary was established between Curtis’s property and that of plaintiff. Therefore, plaintiff relinquished possession of a valuable lot or tract to Curtis because of defendants’ refusal to accept a correction deed and to amicably adjust their boundary with Curtis. Moreover, appellants took possession of the aforesaid strip, being 30 feet wide on the east side of the Curtis property and purportedly owned by him, and at the same time refused to relinquish possession to an equal strip on the east side of their property, which was not actually included in their title but which until that time was supposedly owned by them.
After this litigation arose, appellants contend, as a reason for their refusal of a correction deed, that plaintiff had no title to this 30-foot strip to the east of their property and that, consequently, plaintiff was in no position to reform their deed. This assumption of plaintiff’s lack of title was erroneous, as pointed out in our original opinion. Their position taken then is inconsistent with their contention now that they are entitled to a correction deed. By their action in forcing the adjacent owner and likewise plaintiff adjoining him on the west to move their possession, boundaries and fences 30 feet west and in causing plaintiff to part with possession of a valuable strip of his property to offset and compensate the loss to Curtis due to the aforesaid action of appellants, appellants cannot now in good conscience insist upon a correction deed. They are thus barred and precluded from such insistence by their own acts.
Therefore, our review and reconsideration of this record has produced no change in our conclusion as to this issue nor as to the assessment of costs. The reasons for the conclusion as to the costs are clearly and adequately stated in our original opinion.
Appellants’ third contention relative to retention of possession of the property, the subject of this litigation, until they are reimbursed the value of the improvements placed thereon by them is correct and should be sustained. LSA-C.C. Art. 3453 provides in this connection as follows:
“The rights, which are peculiar to the possessor in good faith, are:
* * *
“2. The right which such a possessor has, in case of eviction from the thing reclaimed, to retain it until he is reimbursed the expenses he may have incurred on it”.
Pertinent is the expression of this court in Gregory v. Kedley, 185 So. 105, 108:
“Pursuant to the quoted codal provisions defendant, as a possessor in good faith, is entitled to be paid the value of the improvements, or $800; and also entitled to retain possession of the premises, without the payment of rent, until reimbursement of such sum, together with the taxes paid by her. Roussel v. Railways Realty Co., 165 La. 536, 115 So. 742; Eddins v. Giles, La.App., 142 So. 266.”
No claim was made for any adjustment or reimbursement of taxes.
Accordingly, our original decree is amended by permitting appellants to retain possession of the property involved in this litigation until they shall have been reim *899 bursed for the improvements placed thereon by them, and, as thus amended, our original decree is reinstated and made the final judgment of this court.
And it is so ordered.