MARVIN, Judge.
The dispute between these litigants first came to our attention as State, Department of Highways v. Trichel, 348 So.2d 1260 (La.App.2d Cir. 1977) which arose out of the State’s expropriation in 1975 of the southernmost .892 acres of defendants’ property. In dispute there was a 523.54' right of access to the highway(s) extending northerly from the expropriated .892 acres.
We there held that the State had not expropriated the 523.54' right of access. After the expropriation of the .892 acres was filed and before our opinion was rendered, defendants filed a possessory action, alleging as a disturbance in fact the State’s appropriation and fencing of the right of access. The State then apparently ceased the fencing of the right of access line.
After our opinion, the State attempted to amend its pleadings in the expropriation action to include the expropriation of the 523.54' right of access. Defendants peremptorily excepted and filed a motion to dismiss.
Later and when the State resumed its efforts to fence the right of access, defendants filed a second possessory action. The two possessory actions and the pending expropriation were consolidated for trial. The trial court gave judgment for the defendants (plaintiffs in the possessory action) and allowed the State 60 days in which to expropriate the right of access or institute a petitory action.
The State appeals the judgments in the three cases. Defendants move to dismiss the appeal in the expropriation on the *223 ground that the judgment in that case merely stays the proceedings in the expropriation of the right of access. We take note that the highway (Interstate 220) has been constructed and opened to the public many months before the judgment complained of was rendered in October, 1981. The judgment complained of orders the State to assert any claim of ownership or real right to the 523.54' right of access in a petitory action or in a properly filed expropriation action within a delay not to exceed 60 days.
The ultimate issue in all of these cases and in the existing appropriation to whatever degree, or the expropriation to be filed, of the right of access concerns the award of damages for the deprivation of the right of access that the defendant-landowners enjoy or once enjoyed on the 523.54'. The State apparently does not contest the judgment maintaining defendants’ possession. The State also makes no contention of irreparable injury. C.C.P.Art. 2083. See Herlitz v. Hotel Investors, 396 So.2d 878 (La.1981); Stockstill v. Cotten, 280 La. 205, 88 So.2d 27 (1956); Dupont v. Dupont, 392 So.2d 158 (La.App. 1st Cir. 1980).
Under these circumstances, we will dismiss the appeal but will allow the State a further delay from the date this opinion becomes final to institute in accordance with law an expropriation action for the 523.54' right of access the State desires to fence. See Trichel, supra.
The appeal is dismissed at the cost of the State insofar as the State may be legally responsible for costs and the case is remanded for further proceedings consistent with this opinion.