SEXTON, Judge.
Plaintiff in this petitory action appeals the granting of defendant’s motion for summary judgment and the sustaining of defendant’s exception of res judicata by the trial court. The plaintiff is the Louisiana Department of Transportation and Development and the defendants are the children and grandchild of Mrs. Milton C. Trichel, their ancestor in title.
The plaintiff’s focal contention is that it is the owner of and has the right to “regulate, prohibit, and abolish entrances to and exits from private property adjacent to petitioner’s right of way.”
This is the latest litigation in a series between these parties involving certain acreage and access to 1-220 at its intersection with Highway 71. The first litigation, State, Dept. of Highways v. Trichel, 348 So.2d 1260 (La.App. 2d Cir.1977), arose subsequent to the State’s “quick taking” petition (pursuant to LSA-R.S. 48:441, et seq.). The defendants moved to dismiss the expropriation and the trial court denied that motion in its entirety. The defendants appealed and we granted partial relief to these defendants. The State, in expropriating, had contended that it acquired a certain .892 acre tract at the intersection of Highway 71 and 1-220, and also that it expropriated the defendant’s right of access along an adjacent 523.54 foot frontage on Highway 71. This Court specifically held that the State had not followed the appropriate statutory procedure with respect to the 523.54 feet of access and “that in the instant proceeding the State has not acquired the right of access from the 523.54 *944 feet of frontage on Highway # 71 (North Market Street) north of the .892 acre strip.” Trichel, supra, at 1262.
While the appeal in the original litigation was pending, and thus before the opinion was rendered, the State began to fence the 523.54feet. The defendants filed a posses-sory action alleging that State’s fencing was a disturbance. The fencing ceased subsequent to the opinion in the first litigation. The State attempted to amend its pleadings in the expropriation petition to include the expropriation of the right of access to the 523.54feet. The defendants excepted and filed a motion to dismiss. The State later resumed its efforts to fence and a second possessory action was filed. The objection to the amended expropriation action and the two possessory actions were consolidated for trial. The trial court sustained the defendant’s motion to dismiss the amended expropriation petition and rendered judgment for the defendants-landowners (plaintiffs in that action) in the possessory action.
This Court in State, Dept. of Highways v. Trichel, 415 So.2d 222 (La.App. 2d Cir.1982) dealt with the lower court action in dismissing the State’s amended expropriation petition. In this Court, the defendant landowners filed a motion to dismiss. the State’s appeal which was sustained in this opinion. We noted that the property itself had already been expropriated and the highway constructed and opened to the public. This court found that the only possible issue on appeal was the State’s contention that it had already expropriated the right of access on the 523.45 foot tract, and this opinion noted that that issue had already been decided adversely to the State in Trichel, supra, at 348 So.2d.
Then in Mills v. State through Dept. of Highways, 416 So.2d 957 (La.App. 2d Cir.1982), this Court dealt with the two posses-sory actions which the landowners had filed to stop the State’s fencing of the 523.54 foot tract. The landowners contended the fencing was an effort to eliminate or substantially interfere with the landowner’s access. This Court agreed and specifically held in Mills that the action of the State constituted substantial interference with the right of access, which had not been expropriated.
While the State presents several assignments of error in this appeal, the State has actually only one basic contention. This contention is that since the landowners have been found to be in possession by virtue of their having won the two previous possessory actions, the State is concerned that it has lost its right to regulate entrances and exits to State highways as established by LSA-R.S. 48:344.[1]
It is clear that in the previous decisions just discussed, this Court has made two specific holdings which are pertinent to this litigation. One is that in its original quick taking effort, the State did not manage to expropriate the 523.54 foot access of the landowners onto U.S. Highway 71. Secondly, the action of the State in fencing that 523.54feet, together with the expropriation of the .892 acre tract, operated to substantially interfere with the landowners’ right of access, without expropriation thereof. We have said no more.
We have not limited or eliminated the State’s right to regulate and control its right of way in the interest of the traveling public. We have simply said, with respect to the access here involved, that if the State wishes to substantially interfere with that right of access, it must first expropriate that right.
*945 In other words, to the extent that the State has plead that it has the right to “regulate, prohibit, and abolish, entrances and exits” from defendant’s property, this right is specifically granted in R.S. 48:344. But if in exercising this right, the State substantially interferes with a landowners’ access, the State must expropriate that right. Mills, supra; State, ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71 (1942). We specifically held in Mills that the State’s two efforts to fence the 523.54 foot tract did indeed constitute substantial interference.
Said yet another way, if the State’s petition herein is an effort to have judicially recognized its rights as established by LSA-R.S. 48:344, that effort is redundant, unnecessary and superfluous. If the State’s petition is another effort to contend that it owns the 523.54 foot access, that effort must fail. As we have held, the State must expropriate that right and it has not done so.
The judgment of the trial court is affirmed.
AFFIRMED at appellant’s cost.

. § 344. Entrances and exits adjacent to highways
“Entrances to and exits from private properties adjacent to the rights of way of state highways may be regulated, prohibited, or abolished in the interest of the safety of the traveling public. The assistant secretary, office of highways, from time to time, shall prepare and promulgate descriptions and illustrations of various types and styles of entrances and exits consistent with this purpose and shall issue permits of necessity and convenience for the installation of entrances and exits in accordance with its promulgated regulations and standards. The department may apply to the courts for such process as may be necessary to make the provisions of this Section effective.”