JASPER E. JONES, Judge.
This is an appeal of a judgment rejecting a demand to provide a right of way over state owned land and access to a controlled access public highway by Lambert Development Company, Inc., the alleged owner of a .4 ± acre parcel of landlocked commercial property. The defendant-appellee is the State of Louisiana.
FACTS
On September 26, 1974, the appellee, through the Department of Highways, filed an expropriation suit against Lambert Associated Companies, Inc. for full ownership of two parcels of land for the Inner Loop *860 Expressway Project in Shreveport, Louisiana. These parcels were part of a larger tract of land owned by this corporation and the taking resulted, in part, in an unac-quired .4 ± acre parcel of commercial property completely surrounded by other state owned land. The appellee’s offer was $186,111 for total compensation for both parcels.
In its answer, Lambert Associated Companies, Inc. asserted that severance damage to the remaining property amounted to $120,291 and demanded an increase in value for both parcels to $249,456.30. This amounted to a total compensation counter offer of $369,747.30. In answering subsequent interrogatories proprounded by the appellee, the corporation asserted that the taking would result in 85%-90% severance damages to the market value of the .4± acre of commercial property but admitted that it did not know what elements of damage were included in that overall estimation.
By joint petition the parties agreed to increase the initial compensation for the property taken and damages sustained from the amount of $183,636.30 to a total compensation of $369,747.30 for the two parcels. This agreement contained a provision that the amount represented a final award of just compensation for the property and property rights expropriated and a full settlement of all damages.
By judgment signed on May 28,1975, the court approved the joint petition and the agreed upon sum in full settlement of all damages.
On October 28, 1982, the appellant filed suit against the appellee requesting the court to authorize a right of way over state owned land so as to provide access to its .4± acre commercial parcel from U.S. 171.[1] The access sought, as shown in the attached appendix, is not adjacent to appellant’s landlocked tract.
At trial held on April 13, 1984, the appellant argued that the prior settlement did not contemplate total lack of access to the subject property and the access requested pertained to U.S. 171, a different highway altogether than the expropriation project. The appellant also argued that the ,4± remaining acre of commercial property is an “enclosed estate” within the meaning of LSA-C.C. art. 699 (now LSA-C.C. art. 689) and appellant had a legal right to access to the nearest public road.
The appellee argued that compensation had already been paid for the loss of access in the previous settlement and that safety considerations of a controlled access public highway mandated that no right of way be granted at any location.
By written opinion dated September 7, 1984, the court ruled appellant had already received compensation for the access damage to the .4± acre landlocked parcel and as the subject property was bounded by a controlled access public highway, and not other land, then there was no “enclosed estate” within the meaning of the law. The court concluded that the safety considerations expressed by the appellee were proper reasons to deny the appellant’s access request. By judgment signed on September 11, 1984, the court rejected appellant’s demands.
The appellant’s assignment of errors present three issues for decision:
1) Did the trial court err in holding that the total loss of access to the property *861 was compensated for in the previous settlement of the expropriation suit?
2) Did the trial court err in holding that the appellant had no legal right to the nearest public road as the property was not an “enclosed estate” within the meaning of LSA-C.C. art. 699 (now LSA-C.C. art. 689)?
3) Did the trial court err in accepting the appellee’s argument that the proposed right of way would compromise the safety requirements for the public?
We affirm. Our decision makes it unnecessary to consider the actual effect of the proposed right of passage on public safety or whether just compensation has been paid for the total loss of access.
It is important to note what is not an issue in this case. The public purpose and necessity of the Inner Loop Expressway controlled access facility is not in dispute. The appellant does not challenge the validity of the prior settlement nor desire that the state purchase the subject property in total. The appellant does not seek access to any part of the Inner Loop Expressway Project. The only issue is whether the state must allow a right of passage from U.S. 171, a separate public highway, to the subject property across the state’s abutting right of way. The appellee argues that compensation has already been paid for the total loss of access to the subject property. The appellant argues in brief that the highway authorities compensated for loss of access to the highway immediately adjacent to its property, but did not compensate for the complete loss of access. The appellant also argues that the property has become an “enclosed estate,” compelling the appellee to grant a right of access to the nearest public road. We address these issues in reverse order and conclude, for the following reasons, that the appellant’s arguments must fail.
LAW ON EXPROPRIATION OF ACCESS RIGHTS TO PRIVATE PROPERTY
The state has the authority to prohibit entrance and exit from private property adjacent to the right of way of state highways. If, while exercising this right, the state substantially interferes with a landowner’s access, then this right of access must be expropriated. State, Dept. of Transp. and Develop. v. Mills, 440 So.2d 943 (La.App.2d Cir.1983); LSA-R.S. 48:344.[2] Expropriation of access rights is accomplished by designating the highway as a controlled-access facility and paying the owner just compensation for the loss. State, Dept. of Highways v. Trichel, 348 So.2d 1260 (La.App.2d Cir.1977); LSA-Const. Art. 1, § 2 (1974); LSA-R.S. 48:301, 303, 304.[3]
*862 DOES THE APPELLANT HAVE A LEGAL RIGHT TO COMPEL THE GRANTING OF A RIGHT OF ACCESS?
It is clear that the appellant's argument supporting this question is incorrect as a matter of law. The appellant relies primarily upon Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970) for the proposition that the subject property is an “enclosed estate” within the meaning of LSA-C.C. art. 699 (now LSA-C.C. art. 689) and that it has a legal right to gain access to the nearest public road.[4] In this case the Louisiana Supreme Court determined that the property must be an “enclosed estate” and that the relief requested be granted by the law in order for the right of passage to be claimed. The court expressly recognized the superior power of the state to expropriate property for controlled access highways and to deny property owners access to certain public roads. In Rockholt v. Keaty, supra, the court held that the state’s expropriation activity did cause the subject property to become an “enclosed estate” but that the relief requested was not granted by the law as the right of passage sought was not to the nearest public road, but to other land owned by the plaintiff.
In applying this rationale to the present situation it is clear that even though the subject property may be an “enclosed estate,” the law does not grant the relief *863 requested. The appellee’s authority to deny a right of passage to U.S. 171, over its abutting right of way, is superior to the appellant’s right to be free from interference in using the subject property. Rockholt v. Keaty, supra; State, Dept. of Trans. and Develop. v. Mills, supra; LSA-R.S. 48:344.[5]
The record establishes that U.S. 171 was a controlled-access facility when the .4± acre property was landlocked in the expropriation process for the Inner Loop Expressway. The appellant does not question this designation. At the time of the taking there was no access to this highway at the site where access is sought in this suit. Direct access to U.S. 171 from the .4 ± acre parcel was not expropriated in that suit because no access to this highway existed from the subject property.
The appellant asserts no legal basis which compels appellee to grant a right of passage. The only remaining issue is whether the appellee paid just compensation for the total loss of access rights. State, Dept. of Highways v. Trichel, supra.
HAS THE APPELLANT BEEN JUSTLY COMPENSATED FOR THE TOTAL LOSS OF ACCESS?
The record establishes that the appellant is a completely different entity from the corporation which originally entered into a negotiated settlement in the expropriation suit. The record also reveals that the appellant has presented no evidence entitling him to the right to question the amount of compensation paid to his ancestor in title for the loss of access to the subject property. It is unnecessary for us to consider the merits of this issue. The Research Group v. Sharp, 430 So.2d 165 (La.App.2d Cir.1983); LSA-C.C.P. art. 927(5).
We amend the judgment to reflect the plaintiff to be Gordon Lambert instead of Lambert Development Company, Inc. and as amended the judgment is AFFIRMED. All costs are assessed against the appellant.
*864 [[Image here]]

. The record establishes that Lambert Development Company, Inc. filed the instant suit alleging ownership of the subject parcel. At trial, Gordon Lambert, the appellant’s representative, testified that when the negotiated settlement to the expropriation suit was completed, the owner of the land was Lambert Associated Companies, Inc. and he was its vice-president. This corporation was subsequently liquidated and he acquired ownership to the subject parcel as part of his pro rata share of the distribution of assets. He also testified that title to the subject property is now vested in Gordon Lambert, doing business as a single proprietor. The appellee made no objection to this testimony. We deem this evidence as amending the petition, with the consent of the appellee, to reflect the proper designation of ownership. Esthay v. McCain, 180 So. 235 (La.App. 1st Cir.1938), affirmed on rehearing, 185 So. 670 (La.App. 1st Cir.1939); Gregory v. Kedley, 185 So. 105 (La.App.2d Cir.1938).

. LSA-R.S. 48:344. Entrances and exits adjacent to highways
Entrances to and exits from private properties adjacent to the rights of way of state highways may be regulated, prohibited, or abolished in the interest of the safety of the traveling public. The assistant secretary, office of highways, from time to time, shall prepare and promulgate descriptions and illustrations of various types and styles of entrances and exits consistent with this purpose and shall issue permits of necessity and convenience for the installation of entrances and exits in accordance with its promulgated regulations and standards. The department may apply to the courts for such process as may be necessary to make the provisions of this Section effective.

. LSA-R.S. 48:301. Authority to establish and regulate controlled-access facilities
The highway authorities of the state, parishes and municipalities of Louisiana, acting alone or in cooperation with each other or with any federal, state, or local agency or any other state having authority to participate in the construction and maintenance of highways, may plan, designate, establish, regulate, vacate, alter, improve, maintain and provide controlled-access facilities for public use whenever they determine that traffic conditions, present or future, justify such special facilities. However, within municipalities, the exercise of this power is subject to such municipal consent as is necessary by law.
In addition to the specific powers granted in this Part, they also have, relative to controlled-access facilities, all additional authority now or hereafter vested in them relative to highways or streets within their respective jurisdictions. They may regulate, restrict, or prohibit the use of controlled-access facilities by the various classes of vehicles or traffic in a manner consistent with R.S. 48:1(12).
§ 303. Acquisition of property and property rights
*862 For the purposes of this Part, the highway authorities may acquire private or public property and property rights for controlled-access facilities and service roads, including rights of access, air, view, and light, by donation, purchase, exchange, lease, or expropriation in the same manner as they are now or hereafter may be authorized by law to acquire property or property rights in connection with highways and streets within their respective jurisdictions. They may acquire any use of the property or the full ownership of it.
In connection with the acquisition of property or property rights for any controlled-access facility or portion thereof, or service road in connection therewith, the highway authorities may, in their discretion, acquire an entire lot, block, or tract of land when they determine it will best serve the interests of the public, even though said entire lot, block or tract is not immediately needed for the right of way proper.
§ 304. New and existing facilities; grade-crossing eliminations
The highway authorities may designate and establish controlled-access highways as new and additional facilities or may designate and establish an existing street or highway as included within or being a controlled-access facility.
They may provide for the elimination of intersections at grade of controlled-access facilities with existing state and parish roads or municipal streets by grade separation or service roads or by closing off roads and streets at the right of way boundary line of the controlled-access facility. After the establishment of any controlled-access facility, no highway or street which is not part thereof shall intersect it at grade. No municipal, parish or state highway, or street, or other public way shall be opened into or connected with any controlled-access facility without the consent and previous approval of the highway authority having jurisdiction over the facility. Such consent and approval shall be given only if the public interest is served thereby-
Provided however that notice of intent to establish such controlled-access facility within a municipality or within five miles thereof shall be delivered to the executive offices of such municipality together with plats outlining in reasonable detail the proposal not less than thirty days prior to the undertaking of such construction.
Provided further that in the event of objection to such proposal by the governing authorities of such municipality the same shall not be undertaken except after a public hearing by the board of highways.
After such public hearing a decision by the board of highways relative thereto shall be final.

. (A) Article 699 — "The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may acquire [require], over the land of his neighbor or neighbors for the purpose of getting the products of his said encolosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may have occasion." (Emphasis supplied.) 237 So.2d 663 at 666.
(B) Art. 689. Enclosed estate; right of passage — The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.

. See footnote 2.