REID, Judge.
Plaintiff, Eddie Paul, Jr., filed a damage suit against F. C. Wilcox, d/b/a Feliciana Motor Company, and Rouney Plaisance, d/b/a Hillcrest Auto Repair, for damages he alleges he sustained for false arrest, humiliation, embarrassment, and loss of reputation and deprivation of the use of his car.
Defendant, F. C. Wilcox d/b/a Feliciana Motor Company, filed an exception of improper venue, based on the grounds that the Feliciana Motor Company was domiciled in St. Francisville, Parish of West Felici-ana, State of Louisiana. The exception further alleged that the defendant, Rouney Plaisance, was not in fact a bona fide defendant, for the reason that at the time Mr. Plaisance had the drawer of the check stop payment on the check, he, Mr. Plai-sance, was, in fact, the legal holder and payee of the check, and that Mr. Plaisance had merely given the check to plaintiff to have cashed and returned to him.
This exception was duly tried and the lower Court rendered judgment transferring the suit to the 20th Judicial District Court, Parish of West Feliciana.
The other defendant, Rouney Plaisance, filed an answer which was a general denial.
From the judgment plaintiff has appealed to this Court, and the defendant, F. C. Wilcox, d/b/a Feliciana Motor Company, filed a motion in this Court to dismiss the appeal on the grounds that a judgment on a motion to change venue is interlocutory in nature and is not appealable, except in situations where irreparable injury will occur.
*488 We believe the case of Broussard v. Liberty Mutual Insurance Company, La.App., 204 So.2d 714 (1967), is applicable. In this case the Court was confronted with a situation in which .an action was transferred from the Fifteenth Judicial District to the Sixteenth Judicial District, and an appeal was taken from a judgment of transfer. Our brothers of the Third Circuit in their ruling held as follows:
“There appears no doubt but that the ruling of the trial court in transferring this case was an interlocutory judgment, and as such, unless we find that irreparable injury might occur from our refusal to hear the appeal, the motion to dismiss the appeal should be granted.” (204 So.2d p. 715)
It is the law of Louisiana that a defendant must be sued at his domicile, except in certain cases excepted by the law. The record here shows that Mr. Wilcox is a resident of West Feliciana Parish, and it is, therefore, his domicile.
The plaintiff contends that Wilcox and Plaisance .are joint tort-feasors and that suit could be filed against both of them at the domicile of either. We believe this also to be the law. However, the defendant, Wilcox, in his exception of lack of venue sets forth that Plaisance is not in fact a bona fide defendant.
The allegations of plaintiff’s petition, by which he attempts to make Wilcox and Plaisance co-tort-feasors, are general in nature and do not set forth any facts which would show any joint action by either of the two defendants acted in concert or collusion to injure the plaintiff. On the contrary, the actions of both defendants were independent of each other, each having separate dealings with the plaintiff, and did not act together to injure the plaintiff.
Plaintiff might have had separate causes of action against either one of the defendants, but he would have to file a suit against each one at his own domicile.
For these reasons, it is our opinion that the judgment is interlocutory and the plaintiff did not suffer any irreparable injury, nor would he lose any of his rights against either one of them, and the appeal, therefore, is hereby dismissed at plaintiff’s cost.
Appeal dismissed.