EDWARDS, Judge.
Plaintiff, Linda D. Dupont, filed suit in the thirty-second judicial district court, Parish of Terrebonne, seeking a separation from bed and board from her husband, Martin Dupont, the defendant. Counsel for defendant filed a declinatory exception of improper venue. Following trial of the exception, judgment was rendered maintaining the exception and transferring the matter to the seventeenth judicial district court, Parish of Lafourche. Plaintiff appeals, claiming that the trial court manifestly erred in evaluating the facts. We dismiss the appeal.
An appeal may be taken from either a final judgment or an interlocutory judgment which may cause irreparable harm. LSA-C.C. Art. 2083. No appeal lies from a trial court order transferring a case to another district under the venue-transfer articles, LSA-C.C.P. Arts. 121 and 122. Communication Counselors Network, Inc. v. Burger Chef of Louisiana, Inc., 291 So.2d 849 (La.App. 4th Cir. 1974); Paul v. Wilcox, *159 228 So.2d 487 (La.App. 1st Cir. 1969); Broussard v. Liberty Mutual Insurance Company, 204 So.2d 714 (La.App. 3rd Cir. 1967), application denied 251 La. 753, 206 So.2d 97 (1968). See also Pasquier, Batson & Company v. Ewing, 367 So.2d 28 (La.App. 2nd Cir. 1978), writ denied 368 So.2d 136 (La.1979).
Because the judgment appealed from is merely interlocutory, and because no irreparable harm has been alleged or shown, we dismiss the appeal ex proprio motu. All costs of this appeal are to be paid by Linda D. Dupont. All other costs are to await a final determination on the merits.
APPEAL DISMISSED.