415 So.2d 530 (1982)
Evans THIBODEAUX
v.
HOOD ENTERPRISES, INC.
No. 14873.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Randall M. Alfred, of Marcel & Alfred, Houma, for plaintiff-appellant Evans Thibodeaux.
James E. Kuhn, of Fayard, Morrison & Kuhn, Denham Springs, David L. Landry, Thibodaux, for defendant-appellee Hood Enterprises, Inc.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
SHORTESS, Judge.
On April 15, 1980, plaintiff, Evans Thibodeaux, filed suit in Lafourche Parish against Hood Enterprises, Inc., a domestic corporation domiciled and doing business in Livingston Parish. Defendant sold to plaintiff a log home-building kit manufactured by it. This suit arises out of that sale and plaintiff seeks property damages, mental anguish, and attorney's fees.
Defendant filed an exception of improper venue and alleged that it was not domiciled in Lafourche Parish; that the sale of the log home had not taken place there; and that Livingston Parish was the only proper venue under La.C.C.P. Art. 42(2). Written reasons were rendered and judgment was signed on June 19, 1981, maintaining the exception and dismissing plaintiff's suit, without prejudice. Plaintiff perfected this devolutive appeal.
On August 16, 1979, plaintiff purchased the home kit from defendant for the price of $11,702.67. The sale and delivery took place in Livingston Parish. Plaintiff hired a contractor to erect and assemble the log *531 home on a lot he owned in Lafourche Parish. The contractor allegedly assembled the home in compliance with the specifications set forth in the plans provided by defendant.
Plaintiff alleges that within approximately ninety days after the construction of the home, the logs provided in the kit began to recede and shrink, causing large gaps to appear in the exterior walls. As a result of these gaps, plaintiff alleges he sustained damage to the furnishings and carpets in the home. Plaintiff also complains that he suffered a loss in aesthetic value. Plaintiff contends that his amicable demands for repairs were refused.
The trial judge dismissed plaintiff's suit after finding that the petition contained allegations of negligence which were merely restatements of contractual duties and gave rise to purely contractual obligations. Finding that the petition did not state a cause of action in tort, he held that La.C. C.P. Art. 74 was not applicable and sustained the exception of improper venue.
La.C.C.P. Art. 42 provides that the general rule of venue is the defendant's domicile. However, La.C.C.P. Art. 74 contains an important exception and reads in pertinent part:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.
Moreover, when a plaintiff institutes an action on more than one theory of recovery, arising out of one factual circumstance, and venue is proper as to any theory, the court has venue to decide any or all claims. Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2d Cir. 1981); Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394 (La.App. 4th Cir. 1973).
In his petition, plaintiff sets forth the following allegations as a basis for recovery:
Plaintiff avers that defendant is liable unto him based upon its negligent failure to provide sufficient plans for the erection of the said home and its further negligent failure to properly advise plaintiff,... as to the methods or devices necessary to be used in erecting defendant's product, if any exist, which would have prevented the situation set forth herein....
In the alternative, plaintiff avers that defendant's product was not fit for the purpose for which it was sold and that the logs provided by defendant as manufacturer were improperly cured, dried or treated prior to delivery and that defendant is therefore liable for breach of the statutory warranty of fitness....
In the alternative, plaintiff avers that the defendant's product contained a vice or defect at the time of sale not discoverable by a simple inspection thereof which exists to such a degree that plaintiff would not have paid the price actually given had he known of the said defect....
Plaintiff further avers that the defendant, as manufacturer of the subject property, knew or should have known of the vice or defect and is therefore liable unto your petitioner....
It is clear that plaintiff has attempted to set out a cause of action based on negligence and in the alternative alleges redhibition as a basis for recovery. If either suffices for stating an "offense or quasi-offense," then La.C.C.P. Art. 74 provides an appropriate venue for the entire case.
The Second Circuit was recently confronted with whether an action in redhibition is ex contractu or ex delicto. Reeves v. Dixie Brick, Inc., supra. The factual situation in Reeves was strikingly similar to the facts here, as the plaintiff sued the seller-manufacturer of certain bricks which were used in the construction of his fireplace. He claimed that the bricks were defective and that the defendant knew or should have known of the defective condition. The suit was filed in the plaintiff's domicile and the defendant excepted to the venue, claiming that La.C.C.P. Art. 74 was not applicable in the redhibition suit. The court stated that an action in redhibition "... is of a hybrid nature, sounding in both tort (offense *532 or quasi offense) and in contract...," and held that La.C.C.P. Art. 74 provided an additional venue. Reeves, supra, at 795.
The Louisiana Supreme Court stated in Philippe v. Browning Arms Company, 395 So.2d 310 (La.1981), a personal injury action, that a seller-manufacturer's act of delivering a defective thing, when he knows of the defect, gives rise to delictual as well as contractual liability. We agree with Philippe and Reeves which support a finding that La.C.C.P. Art. 74 provides a proper venue in redhibition suits and hold that the exception of improper venue should have been overruled. Accordingly, the decision of the trial court is reversed and remanded for proceedings consistent with the opinion set forth herein. All costs of this appeal are assessed to the defendant-appellee.
REVERSED AND REMANDED.