467 So.2d 610 (1985)
Volker M. METCALF and Isabelle Metcalf, Plaintiffs-Appellants,
v.
POOL & HOME CARE, Housecraft Industries, Inc. and Johnny Weismuller Pools, Inc., Defendants-Appellees.
No. 84-130.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*611 Caliste Beard, Jr. and J. Michael Artigue, Lafayette, for plaintiffs-appellants.
Lawrence Roe Dodd, Baton Rouge, Edward D. Rubin, Lafayette, for defendants-appellees.
Before GUIDRY, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Volker M. Metcalf and Isabelle Metcalf, plaintiffs in a suit against three defendants in Lafayette Parish, appeal the sustaining of an exception of improper venue as to one of those defendants. We reverse.
The Metcalfs sued defendants based on the sale and installation of an above ground swimming pool. The pool was installed at plaintiffs' residence in Lafayette Parish; it was manufactured by one defendant, sold by a second defendant, and installed by the third one. The pool was allegedly defective in several particulars, and plaintiffs brought their suit for damages in Lafayette Parish. They supplemented the suit asking for relief based on redhibition, and also for damages in both contract and tort.
One defendant, Housecraft Industries, Inc., filed a declinatory exception of improper venue claiming its domicile was in East Baton Rouge Parish and contending that LSA-C.C.P. art. 42 gave it protection against being sued anywhere other than in its home parish.
Plaintiffs, on the other hand, contended below, and urge anew on appeal, that LSA-C.C.P. art. 74 allows a suit for recovery of damages for an offense or quasi offense to be brought in the parish where the damages were sustained, which was Lafayette, and that this suit included claims based on an offense or quasi offense.
The trial judge, relying on Article 42 and Clement v. Redi-Bilt Corporation, 249 So.2d 607 (La.App. 4th Cir.1971), sustained the exception of improper venue, and ordered the case transferred to East Baton Rouge Parish.
*612 The Metcalfs' original petition was entitled "Petition for Redhibition", and they prayed for restitution of the purchase price and damages. Only two defendants filed responsive pleadings. Housecraft Industries, Inc., the seller, filed the exception of improper venue. Johnny Weismuller Pools, Inc., the manufacturer, filed an answer. A preliminary default was later entered against the third defendant, Pool & Home Care. Before the ruling was handed down on the exception of improper venue, the plaintiffs amended their petition to allege further that the defendants were negligent and imprudent or both, and that, because of their want of skill, they failed to render the pool usable for its intended purpose.
We initially note that the exception of improper venue was raised by only one defendant, Housecraft Industries, Inc. Johnny Weismuller Pools, Inc. waived any objection as to the venue when it filed an answer and failed to file a declinatory exception prior to answer. C.C.P. arts. 44 and 928. Pool & Home Care did not file an answer or an exception of venue. A preliminary default was entered against it. It was error for the trial court to find that the proper venue as to these two defendants was East Baton Rouge Parish.
We note also that, although appellee has not raised the issue, a judgment maintaining an exception of venue is interlocutory, from which no appeal lies, and there has been no showing of irreparable injury in this case, and, therefore, technically, no appeal lies from this judgment. Dupont v. Dupont, 392 So.2d 158 (La.App. 1st Cir. 1980). However, the record is before us and, in the interest of justice and expediency, we will consider the matter and render judgment. LSA-C.C.P. art. 2164; Sonnier v. Gray Tool Co., 359 So.2d 1111 (La.App. 3rd Cir.1978), writ denied, 362 So.2d 800 (La.1978).
The trial court erred in sustaining Housecraft Industries's exception of improper venue.
Under the general rule provided by La.C. C.P. art. 42, the proper venue for a contract action is in the parish of the defendant's domicile. However, La.C.C.P. art. 74 contains an exception to that rule, and the exception reads in pertinent part:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."
Also, the jurisprudence declares that when a plaintiff institutes an action on more than one theory of recovery, arising out of one factual circumstance, and venue is proper as to any theory, the court has venue to decide all claims. Hebert v. Myers, 449 So.2d 185 (La.App. 3rd Cir.1984); Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La.App. 1st Cir.1982); Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2nd Cir.1981); Klumpp v. Colonial Pipeline Co., 389 So.2d 457 (La.App. 3rd Cir.1980). Therefore, venue is proper in Lafayette Parish if the plaintiffs have set forth an action for the recovery of damages for an offense or quasi offense.
The present case is similar to Richardson v. Moore, 304 So.2d 425 (La.App. 1st Cir.1973), and Klumpp v. Colonial Pipeline Co., supra. In those two cases, the courts held that a breach of a contractual obligation can give rise to an action for damages in tort as well as one founded upon the contract breached.
In Richardson, the plaintiff contracted with the defendant for the installation and maintenance of a burglar alarm system in plaintiff's drugstore. Because of defendant's breach of its obligation to maintain the system, a burglary took place and merchandise was stolen. The plaintiff filed suit in the parish where the drugstore was located and the damages occurred. Defendant filed an exception of improper venue alleging that the suit was based on a breach of contract and that the proper venue was another parish, defendant's domicile under C.C.P. art. 42. The trial court overruled the exception. On appeal the court determined that plaintiff's claim was an action for damages in tort as well as a claim founded upon the contract breached, and that it could properly be maintained in *613 the parish where the wrongful conduct occurred under C.C.P. art. 74.
Similarly, in Klumpp, supra, the plaintiff originally drafted his petition setting forth an action in contract. After the defendant excepted to the venue, the plaintiff amended his petition characterizing the defendant's actions as an offense under La.Civil Code art. 2315. The plaintiff had by contract granted the defendant a pipeline servitude across his land. The defendant breached this contract causing damages to the plaintiff's farmland. The plaintiff alleged that the defendant was liable for breaching the contract and for damages caused by the breach. As a result, the court held the plaintiff had alleged a theory of recovery in tort which allowed him to file suit where the damages took place, by authority of C.C.P. art. 74.
In the present case, the plaintiff had contracted with Pool & Home Care, a division of Housecraft Industries, Inc., to install their newly purchased pool. They alleged damages, and alleged specifically:
"Defendants were negligent and/or imprudent or because of their want of skill, failed to render the pool usable for its intended use and service by reason of the following defects: ..."
and elsewhere, this:
"Salt used in the installation process is still in the pool area, causing corrosive damage to aluminum parts of the pool;"
Accordingly, the plaintiffs have alleged, like the plaintiffs in Richardson and Klumpp, that the defendants breached a contract and by that breach, caused damages. These allegations also sufficiently set forth a cause of action in tort. Therefore, the filing of suit in the parish where the damages occurred was proper under C.C.P. 74.
The case of Clement v. Redi-Bilt Corporation, supra, on which the trial court relied, is distinguishable from the present case. The court in Richardson v. Moore, discussed supra, faced a similar argument based on Clement v. Redi-Bilt Corporation, and said of that case:
"The instant case is readily distinguishable from Clement v. Redi-Bilt Corporation, above, wherein plaintiff sued upon the contract rather than in tort. In Clement, the claim was based on alleged `unsatisfactory workmanship' in the performance of the contract; there was no allegation that the reputed unsatisfactory workmanship was the result of defendant's negligence.
* * * * * *
"We conclude that plaintiff has elected to prosecute his claim in tort based on expressly averred negligence on defendant's part."
A similar distinction exists in the present case, as shown by the above quoted allegations.
For these reasons, we find that the plaintiffs alleged a cause of action for the recovery of damages for an offense or quasi offense, enabling them to file suit in Lafayette Parish, the place where the damages occurred, under La.C.C.P. 74.
The judgment of the trial court is reversed. Judgment is rendered overruling the exception of improper venue. Housecraft Industries, Inc. will pay the costs of this appeal. Assessment of the remaining costs will await the outcome of the trial.
REVERSED AND REMANDED.