BOWES, Judge.
Defendant-appellant Herbert Rodrigue has appealed a judgment of the district court dismissing his exception of improper venue. We affirm.
On May 4, 1984, defendant moved to St. Charles Parish from his home in Metairie. Shortly thereafter, pursuant to an agreement to sell/purchase, plaintiff Cal Schultz moved into Rodrigue’s Metairie home, just prior to an act of sale from Rodrigue to Schultz in June, 1984.
On May 20, 1985, plaintiff filed a petition for damages against defendant in Jefferson Parish alleging redhibitory defects in the Metairie premises. On July 12, 1985, defendant filed an exception of improper venue, alleging that under La.C.C.P. art. 42, the cause of action in question was an action against an individual which did not fit any of the venue exceptions in the Code. Therefore, defendant asserted, proper ven *694 ue was in the parish of the defendant’s domicile, specifically St. Charles Parish.
After trial, the court dismissed the exception, finding that an action in rehibition “is of a hybrid nature, sounding both in tort and contract.” Plaintiffs petition contended that the defendant knew or should have known of certain alleged defects and that these defects were hidden from the plaintiff. These allegations were sufficient to state a cause of action for recovery of damages for an offense or quasi offense. Therefore, reasoned the Court, venue in Jefferson Parish was proper as the parish in which the wrongful conduct occurred, and the damages sustained, under CCP Art. 74. After a review of the record in this case, and of the applicable jurisprudence, we find the judgment of the trial court is correct.
La.C.C.P. Art. 42, the general venue article, states in pertinent part:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
Under C.C.P. Art. 74 is the following exception:
Art. 74. Action on offense or quasi offense
An action for the recovery of damages for an offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
Philippe v. Browning Arms Co., 395 So.2d 810 (La.1980, on rehearing 1981) stated:
There is no compelling reason to require a person injured by a defective product he has purchased to proceed either in contract or in tort. The seller’s (manufacturer’s) act of delivering a defective thing, when he knows of the defect, gives rise to delictual, as well as contractual, liability. S. Letvenoff, Louisiana Civil Law Treatise — Obligations, Book 2 § 252 (1975); see also W. Crawford, Products Liability — The Cause of Action, 22 La.B.J. 239 (Mar.1975).
In Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2nd Cir.1981), the Second Circuit found that the plaintiff’s action for recovery arising out of the sale of a defective product which the manufacturer knew or is presumed to have known was defective, “although characterized by plaintiff as a redhibitory action, smacks of both tort (offense or quasi-offense) and contract. Recovery could be allowed under either or both theories. Where a plaintiff institutes an action on more than one claim or theory of recovery arising out of one factual circumstance and where venue is proper as to any claim or theory of recovery, the court has venue of the action to decide any or all claims.” Reeves, supra, at page 795. See also Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La.App. 1st Cir.1982); and Metcalf v. Pool and Home Care, 467 So.2d 610 (La.App. 3rd Cir.1985). It is apparent, then, that the overwhelming opinion of the appellate courts of this state is to the effect that a petition in redhibition sufficiently sets forth a cause of action in tort by alleging negligence and want of skill on the part of the defendants; and, therefore, venue in the plaintiff’s parish where the damages occurred is correct. We agree.
In the present case, plaintiff states in his petition at paragraph IX:
“... Petitioner contends that the defendant knew, or should have known of the aforementioned defects at the time of the Act of Sale. Said defects were, in fact, hidden from the petitioner.”
The trial judge correctly found that the petition set forth a cause of action sounding in both tort and contract. Therefore, CCP Art. 74 is the applicable exception to the general venue of C.C.P. Art. 42. Because plaintiff’s damages are alleged in his petition to have been sustained in Jefferson Parish where the home in question is locat *695 ed, venue as to this cause of action is proper in Jefferson Parish.
The judgment of the trial court is affirmed. All costs are taxed to appellant.
AFFIRMED.