676 So.2d 671 (1996)
Lee R. RACHAL, et al., Plaintiffs-Appellants
v.
FORD MOTOR COMPANY, INC., Defendant-Appellee.
No. 96-160.
Court of Appeal of Louisiana, Third Circuit.
June 5, 1996.
Rehearing Denied August 14, 1996.
*672 Fred Andrew Pharis, Alexandria, for Lee R. Rachal et al.
Katherine Baumbach Hardy, New Orleans, for Ford Motor Company, Inc.
Before DOUCET, C.J., and YELVERTON and PETERS, JJ.
PETERS, Judge.
The plaintiffs, Lee R. Rachal and Elmer Nick, brought this suit against the defendant, Ford Motor Company, Inc., in the Ninth Judicial District Court in Rapides Parish, Louisiana, alleging redhibitory defects in Ford trucks purchased by them. This appeal arises from a trial court judgment granting a declinatory exception of improper venue and dismissing the plaintiffs' suit.

DISCUSSION OF THE RECORD
In 1989, Lee R. Rachal purchased a 1989 Ford F-150 Extended Cab pickup truck from Pete Abington Ford in Rapides Parish, Louisiana. In 1991, Elmer Nick purchased a 1990 Ford Extended Cab pickup truck from Jena Auto Sales in LaSalle Parish, Louisiana. Both of these trucks were manufactured by Ford Motor Company, Inc. The defendant (hereinafter sometimes referred to as "Ford") is a Delaware corporation with its primary place of business in Louisiana located in Metairie, Jefferson Parish. Ford's agent for service of process is in East Baton Rouge Parish.
The plaintiffs allege that, after purchase, the paint on the trucks began peeling, flaking, pitting, and coming off. They contend that the condition of the paint amounts to a redhibitory defect; that Ford had actual constructive and/or imputed knowledge of the defect; and that the defect has caused the trucks to be useless or their use to be so inconvenient and imperfect that if they had known of the defect, they would not have purchased the trucks. They also allege that the defective condition of the paint amounts to a breach of Ford's contractual warranty against the appearance of hidden and/or latent defects in the trucks.
Ford filed declinatory and dilatory exceptions of improper venue and improper cumulation. After a hearing, the trial court granted the defendant's exceptions, finding the actions to be improperly cumulated and finding that Rapides Parish was not a parish of proper venue. The trial court dismissed the action, reserving unto the plaintiffs the right to refile separate suits in a parish of proper venue. Mr. Rachal and Mr. Nick have brought this appeal, objecting only to the trial court's granting of the exception of improper venue. Therefore, the issue of whether the parties' actions were improperly cumulated is not before us.

OPINION
Although the appellee has not raised the issue, a judgment maintaining an exception of venue is an interlocutory judgment and may only be appealed upon a showing of *673 irreparable injury. La.Code Civ.P. art. 2083(A); Metcalf v. Pool & Home Care, 467 So.2d 610 (La.App. 3 Cir.1985). Although there has been no showing of irreparable injury in this case, in the interest of justice and judicial efficiency, we will consider the case and render judgment. Metcalf, 467 So.2d 610.
Venue refers to the parish where an action or proceeding may be properly brought and tried pursuant to the rules regulating the subject. La.Code Civ.P. art. 41. The declinatory exception of improper venue declines the jurisdiction of the court because the action has been filed in an incorrect parish. La.Code Civ.P. arts. 923 & 925(4).
La.Code Civ.P. art. 42 provides the general rules of venue, and section 4 provides that an action against:
A foreign corporation licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located or in the parish designated as its principal business establishment in its application to do business in the state.
Thus, under the general rule of venue, Jefferson Parish would be the proper venue for an action against Ford. However, we do not conclude that Jefferson Parish is the only parish of proper venue.
La.Code Civ.P. arts. 71-85 afford alternative, optional venue provisions allowing suit to be properly brought in a parish other than that of the defendant's domicile. It was originally thought that these alternative venue provisions were exceptions to the general venue rule and therefore were to be strictly construed with the party claiming the benefit of the exception being required to prove that his action was clearly within the exception. Belser v. St. Paul Fire & Marine Ins. Co., 509 So.2d 12 (La.App. 1 Cir.1987). The Louisiana Supreme Court recently rejected this interpretation of the application of the alternative venue articles in Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La. 6/23/95); 656 So.2d 988. The court found that these alternative venue provisions "are part and parcel of the general venue rule set forth in Article 42" and therefore are not to be strictly construed. Id. at 989.
La.Code Civ.P. art. 76.1 provides as follows:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Because the plaintiffs purchased their trucks in different parishes and therefore executed their contracts in different parishes, this alternative venue provision will not result in the same parish of proper venue for each of the plaintiffs. Thus, each situation must be addressed separately.

LEE R. RACHAL
Mr. Rachal purchased his truck from Pete Abington Ford in Rapides Parish, Louisiana, in 1989. Thus, the contractual agreement governing the purchase and sale of Mr. Rachal's Ford pickup truck was negotiated and executed with the local Ford dealership in Rapides Parish. Under the clear language of La.Code Civ.P. arts. 42 & 76.1, Mr. Rachal could properly bring suit for his breach of warranty claims against Ford in Jefferson Parish or Rapides Parish.
The fact that Mr. Rachal has asserted theories of liability based on redhibition as well as warranty does not defeat venue in Rapides Parish. Where a plaintiff institutes an action arising out of one factual circumstance and bases recovery on more than one theory of liability, if venue is proper as to any theory of recovery, then the court has venue to decide all the claims. Metcalf, 467 So.2d 610. Therefore, even if venue were not proper as to Mr. Rachal's redhibition claim in Rapides Parish, this claim could be properly brought in Rapides Parish where venue is proper as to his warranty claim arising from the contract entered into at the Rapides Parish dealership.

ELMER NICK
Using the same analysis for Mr. Nick's claims, we conclude that the trial court was correct in concluding that Rapides Parish was not a parish of proper venue for him to bring his claims against Ford. However, as with Mr. Rachal's case, we conclude that *674 Jefferson Parish is not the only parish of proper venue for Mr. Nick's suit. Mr. Nick purchased his Ford pickup truck from Jena Auto Sales in LaSalle Parish. Thus, the contractual agreement governing the purchase and sale of Mr. Nick's Ford pickup truck was negotiated and executed with the local Ford dealership in LaSalle Parish. Again, under the clear language of La.Code Civ.P. arts. 42 & 76.1, Mr. Nick could properly bring his suit against Ford in Jefferson Parish or LaSalle Parish. Also, under the same analysis as discussed in connection with Mr. Rachal's claim, Mr. Nick can properly bring all of his claims, arising out of the sale of the Ford pickup truck, in either parish.
In his brief to this court, Mr. Nick argues that, assuming this court sustains the exception of improper venue, then this court should find that the trial court erred in failing to transfer his suit to a parish of proper venue. We find no merit in this assignment of error. The trial court has discretion to either dismiss the case or, when it is in the interest of justice, transfer the case to a court of proper venue. La.Code Civ.P. art. 121. Thus, the trial court was within its discretion in choosing to dismiss this suit with leave for the parties to refile suit in a parish of proper venue. We also decline to exercise the discretion given to this court to transfer the case to a court of proper venue as permitted by La.Code Civ.P. art. 121. Mr. Nick has the option of filing his suit in Jefferson Parish or LaSalle Parish, and we choose to not make that decision for him.

DISPOSITION
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it holds that Rapides Parish is not a parish of proper venue for the plaintiff, Elmer Nick, to bring his suit. The judgment of the trial court is reversed insofar as it holds that Rapides Parish is not a parish of proper venue for Mr. Rachal's case, and his case is remanded to the Ninth Judicial District Court in Rapides Parish for further proceedings. Costs are assessed half to the defendant, Ford Motor Company, Inc., and half to the plaintiff, Elmer Nick.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.