762 So.2d 1206 (2000)
Sheldon STRASNER, et al.
v.
STATE of Louisiana, et al.
No. 99 CA 1099.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
*1208 James R. Clary, Jr., Chris D. Glisson, Edward B. Kramer, Edmund J. Schmidt, III, Baton Rouge, for Plaintiffs-Appellants Sheldon Strasner, Greg Solie, Patricia Baechle, Brandy Calamia, Mindy Marshall, Wendy Guy, Allison Dees, Clay Pere, Kristi Smith, Mandy Thibodeaux, Emily Dixon, Angie Marshall, Grant Faul, Brianne Callihan, and Angie Metz.
Daniel R. Martiny, Metairie, for Defendants-Appellees State of Louisiana, Through the Department of Public Safety and Corrections, East Baton Rouge Sheriff's Dept., West Baton Rouge Sheriff's Dept., Allen Parish Sheriff's Dept., and St. James Parish Sheriff's Dept., Jefferson Parish Sheriff's Dept.
Edwin L. Blewer, Jr., Shreveport, for Defendants-Appellees Bossier and Red River Parish Sheriff's Dept.
William F. Dodd, Joseph J. Weigand, Jr., Houma, for Defendant-Appellee Terrebonne Parish Sheriff's Dept.
John H. Musser, IV, Don A. Almerico, Destrehan, for Defendants-Appellees St. John the Baptist and St. Charles Parish Sheriff's Dept.
Charles M. Hughes, Jr., Mandeville, for Defendant-Appellee St. Tammany Parish Sheriff's Dept.
Leu Anne Lester Greco, Baton Rouge, for Defendant-Appellee East Baton Rouge Parish Sheriff.
T. Allen Usry, Metairie, for Defendants-Appellees Sheriffs of the Parishes of Acadia, Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Claiborne, Concordia, DeSoto, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jefferson, Jefferson Davis, Lafayette, Lafourche, LaSalle, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Ouachita, Plaquemines, Pointe Coupee, Rapides, Richland, Sabine, St. Bernard, St. Helena, St. James, St. Landry, St. Martin, St. Mary, Tangipahoa, Tensas, Union, Vermilion, Vernon, Washington, Webster, West Baton Rouge, West Carroll, West Feliciana and Winn.
W. Wayne Gaudin, Jr., Assistant Attorney General, Michele Whitesell Crosby, Special Assistant Attorney General, Baton Rouge, Nan Roberts Eitel, Mary L. Hassinger, Special Assistant Attorneys General, New Orleans, for State of Louisiana.
Before: LeBLANC and PETTIGREW, JJ. and KLINE,[1] J. Pro Tem.
PETTIGREW, J.
In this case, plaintiffs appeal two adverse judgments of the trial court whereby the court sustained various exceptions filed by the defendants and dismissed plaintiffs' suit with prejudice. For the following reasons, we affirm the trial court's judgments.

FACTS AND PROCEDURAL HISTORY
On December 22, 1997, fifteen named plaintiffs filed the instant class action "on behalf of themselves and all other persons or entities similarly situated." According to the petition, plaintiffs in Subclass "A" were persons "entitled to damages as a result of their receiving a traffic citation between the years 1992 and 1997 and were not given a mandatory ten (10%) percent fine reduction in violation of Title 32 § 295.1(I)." Further, plaintiffs in Subclass "B" were all persons who "from 1995 to the present time ... received traffic citations for failure to wear their seat belt and were assessed and paid fines and costs in excess of $25.00 in violation of Title 32 § 295.1(G)(1)(a)." Named as defendants in the petition were the "Sheriff's Departments" *1209 for all 64 parishes in Louisiana and the State of Louisiana through the Department of Public Safety and Corrections ("the State"). Plaintiffs alleged that the defendants were liable, "jointly and in solido," to them for damages under several different theories, including but not limited to, conversion, unjust enrichment, unjustified taking, and breach of contract.
In response to the plaintiffs' allegations, the defendants filed several exceptions. A declinatory exception raising the objection of improper venue was filed on behalf of the sheriffs of Acadia, Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Claiborne, Concordia, DeSoto, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jefferson Davis, Lafayette, Lafourche, Lasalle, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Orleans (Civil and Criminal), Ouachita, Plaquemines, Pointe Coupee, Rapides, Richland, Sabine, St. Bernard, St. Helena, St. James, St. Landry, St. Martin, St. Mary, Tangipahoa, Tensas, Union, Vermilion, Vernon, Washington, Webster, West Baton Rouge, West Carroll, West Feliciana and Winn Parishes.[2] The sheriffs of Bossier, Jefferson, Red River, St. Charles, St. John the Baptist, St. Tammany, and Terrebonne Parishes individually filed exceptions raising the objections of improper venue and no cause of action. The sheriff of East Baton Rouge Parish filed exceptions raising the objections of no cause of action, prescription, improper venue and lack of jurisdiction. The State filed similar exceptions adding the objection that the claims filed by plaintiffs were improperly cumulated and that the State was immune from the suit.
After hearing oral arguments on the various exceptions, the trial court took the matter under advisement. On October 22, 1998, the trial court issued oral reasons for judgment sustaining the defendants' exceptions raising the objections of improper venue and no cause of action. Subsequently, on November 5, November 16, and December 10, 1998, the trial court rendered formal judgments granting the aforementioned exceptions and dismissing the plaintiffs' case with prejudice. From these judgments, plaintiffs have taken two separate appeals.
In the first appeal, plaintiffs attack the November 5 and 16 judgments. In the November 5 judgment, the trial court granted the exceptions filed by the sheriff of St. Tammany Parish. In the judgment rendered on November 16, the trial court granted the exceptions filed by the sheriff of Terrebonne Parish. Separately, plaintiffs appeal the judgment rendered on December 10, 1998. See this court's unpublished opinion in Sheldon Strasner, et al. v. State of Louisiana, et al., No. 99 CA 1100, also decided this date.
In both of these appeals, the plaintiffs assign the following specifications of error for our review:
1. The trial court erred in finding that it lacked subject matter jurisdiction in this matter and that the plaintiffs' only remedy was to seek redress through the Louisiana Code of Criminal Procedure guidelines for post-conviction relief.
2. The trial court was incorrect in granting the defendants' Exceptions of Improper Venue based upon its erroneous finding that the plaintiffs, in their petition, were seeking a review of criminal penalties imposed in individual prosecutions and are seeking a return of fines paid in excess of the amounts authorized by LSA-R.S. 32:295.1.
3. The trial court erred in granting the defendants' Exception of No Cause of Action even before allowing the *1210 plaintiffs any discoveryfinding, in effect, that the defendants had no authority to reduce or modify a fine imposed by a criminal court without first allowing discovery to be conducted.
4. The trial court erred in finding that the defects in the plaintiffs' petition could not be removed by amending the petition.

VENUE
On appeal, plaintiffs allege that venue for this class action suit is proper in East Baton Rouge Parish based on the language in La.Code Civ. P. art. 73 regarding venue in an action against joint or solidary obligors. Plaintiffs further contend that the venue provisions set forth in La.Code Civ. P. art. 593 B regarding venue for an action brought against a defendant class are applicable herein and save their asserted venue. Finally, plaintiffs argue that the doctrine of ancillary venue, as espoused by the Louisiana Supreme Court in Underwood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715, supports venue in East Baton Rouge Parish.
In ruling on the venue issue, the trial court noted as follows:[3]
The plaintiffs seek a review of criminal penalties imposed in individual prosecutions and seek a return of fines paid in excess of the amounts authorized by the applicable statutes.
The proper venue to seek review of these penalties is the district courts that imposed each individual penalty. Appellate review of those individual penalties belong in the proper courts of appeal. This district court does not have appellate jurisdiction to review a sentence or penalty imposed in another district. The 19th JDC is only the proper venue for claims brought by the plaintiffs who entered guilty pleas or were convicted in East Baton Rouge Parish.
Following a thorough review of the record and applicable statutory law, we agree with the trial court and affirm the court's judgment sustaining the defendants' exception raising the objection of improper venue.
In La. R.S. 13:5104 B, venue for suits against any sheriff in this State is statutorily mandated as follows:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
Each of the named sheriffs in this case is a resident of his own parish. The petition does not contain allegations that any of the sheriffs, with the possible exception of the sheriff of East Baton Rouge Parish, engaged in any conduct in East Baton Rouge Parish that may have caused damage to any of the plaintiffs. Further, as discussed below, none of the venue exceptions argued by plaintiffs on appeal are applicable to the facts of this case. Consequently, venue in East Baton Rouge Parish is proper only for a cause of action against the sheriff of East Baton Rouge Parish.

Solidary Obligors
Louisiana Code of Civil Procedure article 73 provides that "[a]n action against joint or solidary obligors may be brought *1211 in a parish of proper venue ... as to any obligor who is made a defendant." A plaintiff defending against an exception of venue by invoking the provisions of Article 73 must allege sufficient facts to prove that the venue chosen is the proper venue for at least one of the joint or solidary obligors. Spott v. Otis Elevator Company, 601 So.2d 1355, 1360 (La.1992). The plaintiff is also required to allege facts showing that the various defendants are in fact jointly or solidarily obligated. Paul v. Wilcox, 228 So.2d 487, 488 (La.App. 1 Cir. 1969). Thus, this court must determine whether plaintiffs' petition in the instant case contains sufficient allegations to support a judgment against the various defendants as joint or solidary obligors.
In Paragraph D-2 of the class action petition, plaintiffs allege that each of the sheriffs' departments is a joint and solidary obligor with the State. But plaintiffs fail to assert any facts to support this statement. The petition is void of any allegations that any of the sheriffs acted in combination with each other or with the State in any respect. In Louisiana, liability for damages caused by the wrongful conduct of two or more persons is solidary only if those persons conspire to commit an intentional and willful act. See La. Civ.Code art. 2324. As there is no factual basis for any presumption of solidary liability in this case, venue in East Baton Rouge Parish can only be proper as to the sheriff of East Baton Rouge Parish.

Defendant Class
As set forth in La.Code Civ. P. art. 593 B, "[a]n action brought against a class shall be brought in a parish of proper venue as to any member of the class named as a defendant." This provision would provide support for the asserted venue if the plaintiffs had actually sued a defendant class. As indicated in the original petition and the motion seeking to certify the class action, the only class referred to is a plaintiff class. Further, as correctly pointed out by several of the defendants in brief to this court, even if plaintiffs had sought to certify a defendant class, the prerequisites for a defendant class are lacking. Because the plaintiffs have filed suit against all 64 sheriff departments in the State and served each of the defendants, the requirement that "[t]he class is so numerous that joinder of all members is impractical" is not met. See La.Code Civ. P. art. 591 A(1). Thus, the venue provisions of Article 593 are not applicable.

Ancillary Venue
Plaintiffs argue that the doctrine of ancillary venue supports their position that venue is proper in East Baton Rouge Parish. As previously indicated, plaintiffs cite to Underwood as authority for this argument. This assertion is without merit.
In Underwood, the Louisiana Supreme Court firmly espoused the principle that a single political subdivision can be sued only in the parish in which it is domiciled or the parish in which it causes injury:
Nevertheless, the fact that the Legislature in 1985 expressly deleted the word "may" and substituted the word "shall" in Section 5104 B indicates a legislative intent that a single political subdivision can be sued only in one of the two specified parishes and that no other exceptions are applicable.
When a single political subdivision is the only defendant, the choice of venues provided by Section 5104 B is logical and consistent with the legislative intent that a political subdivision generally must be sued at its "home base" or in the parish which gave rise to the cause of action.
Underwood, 97-1997 at 5, 714 So.2d at 717-18. The court noted, however, that where two political subdivisions are joined as defendants and alleged to be solidarily liable for damages caused by the same transaction or occurrence, suit may be brought in a parish of proper venue as to either of the political subdivisions under the rules of ancillary venue. The court *1212 concluded that it did "not necessarily embrace the doctrine of ancillary venue as a solution to all venue problems in multiparty litigation," but that in cases involving "otherwise properly cumulated actions against two political subdivisions arising out of the same transaction or occurrence," ancillary venue should apply. Underwood, 97-1997 at 9-10, 714 So.2d at 719-20.
The facts of the instant case do not fall within this very narrow holding of the court in Underwood. Here, plaintiffs, "possibly estimated to exceed one million people," allege that there were "over 1.7 million Title 32 moving violations" issued during the applicable time period. The petition is void of any set of common facts involving any two defendants. Nor does the petition contain any allegations that the damages sustained by the plaintiffs arose out of the same transaction or occurrence. The Underwood doctrine of ancillary venue simply cannot be extended to cover this fact scenario.

NO CAUSE OF ACTION
Plaintiffs assert various reasons in support of their position that the trial court erred in sustaining the defendants' exception raising the objection of no cause of action. According to plaintiffs, their petition sets forth two basic causes of action; i.e., the members of Subclass "A" are entitled to relief as a result of the defendants' violations of La. R.S. 32:295.1 I, and the members of Subclass "B" are entitled to relief as a result of the defendants' violations of La. R.S. 32:295.1 G(1)(a). These alleged violations include: (1) the State's failure to comply with La. R.S. 32:3 and enforce the provisions of La. R.S. 32:295.1; and (2) the sheriffs' failure to comply with the provisions of La. R.S. 32:295.1 and modify the sentences imposed by the various courts. Further, plaintiffs contend that even assuming that their petition did not state a cause of action, the trial court erred in ruling that the alleged defects in the petition could not be removed by amending the pleadings.
In response to this argument, defendants contend that the plaintiffs are attempting to "usurp the authority of the various criminal courts by seeking a refund of an allegedly excessive criminal penalty" in a civil proceeding. Defendants further assert, "This type of relief must only be sought from the court that imposed the fine or from a court with supervisory jurisdiction over the originating court. A civil district court, wherever located, cannot alter a fine imposed by another court that has exercised criminal jurisdiction." The trial court apparently agreed with the defendants, concluding as follows:
[T]he court finds the no cause of action [sic] raised by both the Department of Public Safety and the various sheriffs should be granted based on the finding that the defendants do not have the authority to reduce or modify a fine imposed by a criminal court. The sheriffs are required by law to collect the fines imposed by a district court. The plaintiffs' remedy is to seek redress through a motion to correct an illegal sentence based on the imposition of an excessive fine. The plaintiffs' claims of conversion, unjust enrichment, unfair trade practices, or breach of contract of bailment, deposit or agency do not entitle the plaintiffs to the relief sought.
The exceptions of improper venue and no cause of action raised by the defendants are granted. This court finds that the defect in the petition cannot be removed by amending the pleadings. Judgment is to be signed accordingly in conformity with the reasons that I've stated in court.
The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection, *1213 and all well pleaded allegations of fact are accepted by the court as true. La.Code Civ. Proc. Art. 931. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corporation, 97-2873, p. 3 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.
If the trial court determines that a petition fails to state a cause of action, but the grounds of the objection can be removed by amending the petition, the judgment sustaining the exception shall order such amendment within the delays allowed by the court. If, however, the grounds of the objection cannot be removed by amendment, the action shall be dismissed. La. Code Civ. P. art. 934; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, pp. 5-6 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 755, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982.
In reviewing a trial court's ruling on an exception raising the objection of no cause of action, the appellate court should conduct a de novo review. Haspel & Davis Milling & Planting Co., Ltd. v. Board of Levee Commissioners of Orleans Levee District, 98-1664, p. 5 (La.App. 4 Cir. 3/31/99), 732 So.2d 113, 116, writ denied, 99-1248 (La.6/18/99), 745 So.2d 29. Based on our de novo review of this record, we find no error by the trial court in sustaining this exception as raised by the defendants.
In their petition, plaintiffs assert that the defendants have failed to comply with the provisions of La. R.S. 32:295.1 I and La. R.S. 32:295.1 G(1)(a). Plaintiffs are apparently under the impression that a sheriff can reduce the amount of a fine imposed by the sentencing court in order to fulfill the intent of these statutes. This is simply not the case.
As set forth in La. R.S. 32:641, district courts have full authority to set the amount of fines in traffic cases. The only role that sheriffs play in this process is to collect the fines as ordered by the court. Sheriffs have no authority to modify the amount of the fine imposed by the court. Rather, any fine that is alleged to be excessive "shall be abated or remitted in the manner directed by law." La. R.S. 15:301.
The appropriate statutory procedures for challenging an allegedly excessive fine after payment are found in the Louisiana Code of Criminal Procedure. See La.Code Crim. P. arts. 881.1 and 882. An aggrieved party may seek reconsideration of sentence by the sentencing court as set forth in La.Code Crim. P. art. 881.1. Further, under La.Code Crim. P. art. 882, either the sentencing court or the appropriate appellate court can correct an illegal sentence to bring it into compliance with the applicable law.
Based on the facts alleged in the petition, we conclude that the plaintiffs are not legally entitled to the relief they seek. As set forth above, the only recourse available to the plaintiffs is to seek the relief provided by Articles 881.1 and 882, i.e., a post-sentence motion for reconsideration of the sentence or a request for correction of an illegal sentence. The plaintiffs' petition fails to state a cause of action against either the sheriffs or the State. Moreover, there are no facts that plaintiffs could assert to give rise to a cause of action under La. R.S. 32:3 or 32:295.1. Therefore, the trial court was correct in dismissing plaintiffs' claims.

CONCLUSION
Having determined that the trial court was correct in sustaining the defendants' exceptions and dismissing plaintiffs' claims, we find it unnecessary to discuss the remaining issues raised in this appeal. The judgments of the trial court are affirmed at plaintiffs' cost.
AFFIRMED.
LeBLANC, J., concurs in part and dissents in part.
*1214 LeBLANC, J., concurring in part and dissenting in part.
I respectfully dissent from the language in footnote #3 on page 1210.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Upon learning that the Orleans Parish Sheriff's Department was without "authority to collect and disseminate fines for traffic violations within the City of New Orleans," the plaintiffs voluntarily dismissed their alleged claims against the Orleans Parish Sheriff's Department.
[3] We note that the trial court's oral reasons for judgment rendered on October 22, 1998, were inexplicably omitted from the appellate record. This court is not ordinarily inclined to review evidence outside of the appellate record. However, we recognize that a court's reasons for judgment are not evidence. Further; said reasons were provided to this court by plaintiffs-appellants in accordance with Uniform RulesCourt of Appeal, Rule 2-12.4, and defendants-appellees have entered no objection. Accordingly, this court has considered same in our decision to affirm the trial court.