1MURRAY, J.,
dissents with reasons.
The majority affirms the trial court’s decision to transfer based primarily upon the fact that the instant lawsuit involves a defendant class as well as a plaintiff class. I agree with the majority’s reasoning to the extent that, in cases in which both a plaintiff and a defendant class have been asserted, the cumulation articles (La.C.C.P. arts. 461 through 465) have no application.
However, in my opinion, the majority, while recognizing the holding of this court in Garrison I, which was that the venue provision applicable to state hospital districts (La. R.S. 13:5104) overrides the class action venue provision (La.C.C.P. art. 593), ignores the premise of that decision.[1] The Garrison I writ disposition (unpublished) includes extensive reasons, which clearly reveal that the basis of the decision to be this court’s finding that there is not sufficient commonality among the defendant hospitals to uphold a defendant class in the instant case. The disparity of reasoning between two decisions of this court in the *1098 same case is confusing, at best, and in my view, is unnecessary in this instance.
In Garrison III, supra,[2] the Supreme Court stated: “Under the law of the case doctrine, appellate courts have held they have the discretion to not reconsider a previously-decided issue unless they find the previous decision is based on palpable error or that manifest injustice would occur.” Because I believe the decision in Garrison I is erroneous, I would decline to follow it. In order to reach its holding in Garrison I, this court considered (and effectively decided) an issue that was not before it — whether a defendant class should be certified. Because the court decided that the prerequisites for class certification were lacking, it held that the special venue statute for political subdivisions of the state should be applied rather than the class action venue provision, and therefore overturned the trial court’s denial of defendants’ exception of improper venue. In doing so, the Garrison I court relied exclusively upon prior decisions that, unlike the instant case, did not involve the assertion of a defendant class.[3]
When, as here, a defendant class has been asserted but not yet certified and there is a conflict between venue- statutes, I believe the most reasonable alternative is for the court to assume there is a proper class and to apply the class action venue provision (La. C.C.P. article 593) until the issue of class certification has been addressed and decided. Then, if the demand for class certification is stricken or if class certification is denied and the action proceeds between the named parties[4], the exceptions of improper venue asserted by individual named defendants can be reasserted in the context of an ordinary action with multiple defendants.
Therefore, I believe Garrison I was wrongly decided, and the trial court’s original ruling denying the exception of improper venue should have been affirmed by this court. In the instant case, I would repudiate this court’s decision in Garrison I, affirm the trial court’s original ruling, and vacate the trial court’s | .^subsequent decision to transfer upon remand. On these grounds, I respectfully dissent.

. Such confusion is evidenced by the majority’s recognition that once transferred to different venues, these actions will no longer-be able to be maintained as class actions. Ironically, the majority’s decision, which is entirely premised upon the presence of a defendant class, will, nevertheless, result in the dismantling of that class before class certification is ever considered.

. Citations omitted.

. The court cited Albarado v. Union Pacific R.R. Co., 2000-2540 (La.App. 4 Cir. 4/25/01), 787 So.2d 431, writ granted and reversed in part, 2001-1537 (La.9/14/01), 796 So.2d 666; Strasner v. State, 99-1099 (La.App. 1 Cir. 6/23/00), 762 So.2d 1206; and Underwood v. Lane Memorial Hospital, 97-1997(La.7/8/98), 714 So.2d 715.

. See La. C.C.P. art. 592.